Case 7:25-cv-00006-DC-RCG   Document 34   Filed 03/09/26   Page 1 of 5

FILED
March 09, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: ____L. Mendoza____
DEPUTY

IN THE UNITED STATES COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **MURPHY OIL USA, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.: 7:25-cv-00006 |
| ) | |
| **RYKIN PUMP COMPANY, INC.,** ) | |
| **SECURITY BUSINESS CAPITAL,** ) | |
| **LLC, and SLATE ADVANCE LLC,** ) | |
| ) | |
| **Claimants.** ) | |

## PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and in accordance with Rule CV-7, Plaintiff Security Business Capital, LLC ("SBC") files this Motion for Summary Judgment for release of interplead funds and would show the court that this motion should be granted.

## I.
## SUMMARY OF MOTION

1. SBC entered into a factoring agreement to provide financing to Rykin Pump, Inc. Under this Agreement, SBC purchased invoices owed by Murphy Oil. Murphy Oil has not paid these invoices. Because of a claim by Slate Advance, Murphy Oil interplead $32,952 as payment for the invoices into the court registry. SBC's UCC-1 lien was originally filed in 2016 and assigned to SBC in 2022. It is not clear when Slate Advance filed its UCC-1 lien because the names of the secured creditors on several liens are masked. Based on a search, however, Slate's lien must have been filed well after SBC's liens. As a result, SBC is the first lien holder against the accounts receivable and is owed the full amount interplead in the court registry less reasonable and necessary attorney fees to be proven by Murphy Oil and awarded in an amount to

be determined by this Court. SBC requests that this court grant it a judgment releasing all of the interplead funds to SBC less reasonable and necessary attorney fees to be proven by Murphy Oil and awarded in an amount to be determined by this Court...

## II.
## SUMMARY JUDGMENT EVIDENCE

Exhibit A—Affidavit of Victor Salazar with Summary of Outstanding Invoices.

Exhibit B—Factoring and Security Agreement.

Exhibit C—Certified Copies of UCC-1 Financing Statements.

## III.
## BACKGROUND

2.  SBC has suffered large losses because of its financing relationship with Rykin Pump, LLC ("Rykin"). SBC was originally owed almost $2,000,000 when Rykin defaulted. After months of legal work collecting accounts and navigating Rykin's bankruptcy, SBC is still owed in excess of $150,000 plus thousands of dollars in legal fees.

3.  SBC is a finance company that provides funding to businesses by factoring accounts receivable.[1] Typically, a client approaches a factor in need of cash flow funding.[2] The client offers to sell accounts receivable for a discount to immediately obtain cash.[3] Article 9 of the Uniform Commercial Code provides protections to encourage factoring and ensure this type of funding is available for small businesses.

4.  On July 13, 2022 SBC and Rykin entered into a Factoring and Security Agreement (the "Agreement").[4] This Agreement allowed SBC to provide financing to Rykin by

---

[1] Exhibit A—Affidavit of Victor Salazar with Summary of Outstanding Invoices.
[2] Id.
[3] Id.
[4] Exhibit B—Factoring and Security Agreement.

purchasing certain accounts receivable.[5] As part of the agreement, SBC filed a UCC-1 financing statement on Rykin.[6] The predecessor to SBC filed its lien on June 6, 2016.[7] This UCC-1 was continued on April 15, 2021, and assigned to Security Business Capital, LLC on July 21, 2022 which continued to purchase accounts receivable from Rykin.[8] SBC's lien is the first lien against Rykin and was perfected before any other liens against Rykin.

5.     In 2024, Rykin performed services for Murphy Oil as referenced in Murphy Oil's Complaint for Interpleader and the invoices attached to the petition.[9] These invoices have not been paid but Murphy Oil has interpleaded the payment for the invoices into the court's registry. Murphy Oil interplead $32,952 into the court registry.

6.     Rykin has defaulted on its obligations under the factoring agreement with SBC and numerous invoices with various account debtors remain unpaid.[10] After months of legal work trying to collect, it appears very little is still collectible. As a result, SBC is still owed in excess of $150,000 by Rykin plus thousands of dollars of attorney fees that have been incurred from collecting on accounts and navigating Rykin's bankruptcy filing.[11]

## IV.
## MOTION

**SBC is Entitled to the Interplead Funds as a First Lien Holder.**

7.     Rykin has defaulted under the factoring and security agreement triggering collection of all outstanding accounts under SBC's security interest. SBC has a first lien on all

---

[5] Id. & Exhibit A—Affidavit of Victor Salazar with Summary of Outstanding Invoices.
[6] Exhibit C—Certified Copies of UCC-1 Financing Statements.
[7] Id.
[8] Id.
[9] See Exhibit C to Plaintiff's Petition in Interpleader.
[10] Exhibit D—Demand Letter to Rykin.
[11] Exhibit A—Affidavit of Victor Salazar with Summary of Outstanding Invoices.

assets of Rykin Pump Company, LLC. SBC's lien was originally filed on June 6, 2016, renewed on April 15, 2021, and assigned on July 21, 2022.[12] The other claimant's UCC-1 Financing Statement, Slate Advance, LLC is masked but appears to have been filed well after SBC's lien.[13] Since SBC filed its lien first, SBC's lien primes the other claimant's security interests, so the other claimants' liens are subordinate to SBCs' lien. TEX. BUS. & COM. CODE § 9-322(a)(1). Rykin Pump sold its rights to its accounts and has defaulted on the factoring agreement with SBC, so it has no claim to any funds until SBC and Slate Advance, LLC are made whole.[14] SBC, therefore, is entitled to priority in collecting the proceeds of outstanding accounts receivable interpleaded into this court's registry.[15]

## V.
## CONCLUSION

Plaintiff SBC, therefore, requests that it be awarded:

a. An Order finding that Security Business Capital, LLC is entitled to all of the interpleaded funds plus interest, if any, less reasonable and necessary attorney fees to be proven by Murphy Oil and awarded in an amount to be determined by this Court; and

b. Such other and further relief to which Security Business Capital may show itself justly entitled.

---

[12] Exhibit C—Certified Copies of UCC-1 Financing Statements.
[13] Exhibit A—Affidavit of Victor Salazar.
[14] Id.; Exhibit B—Factoring and Security Agreement; Exhibit C—Certified Copies of UCC-1 Financing Statements; Exhibit D—Demand Letter to Rykin Pump, LLC.
[15] TEX. BUS. & COM. CODE §§ 9.607 & 9.315.

Respectfully submitted,

/s/ Scot Pierce
Scot Pierce
State Bar No. 24002773
spierce@whitakerchalk.com

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102-4135
Telephone: (817) 878-0500
Facsimile: (817) 878-0501

**ATTORNEY FOR SECURITY BUSINESS CAPITAL**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February 2026, a true and correct copy of the foregoing document was served via the Court's electronic filing program, pursuant to the Texas Rules of Civil Procedure on all counsel of record.

/s/ Scot Pierce
Scot Pierce

## CERTIFICATE OF CONFERENCE

I emailed all counsel about this motion on February 27th. Neither Murphy Oil nor Rykin opposes this motion. I did not hear from Slate Advance but based on previous conversations with Slate Advance, we assume Slate Advance opposes this motion.

/s/ Scot Pierce
Scot Pierce